IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Tommy McKnight, #186781, | C/A No.: 8:18-1871-JFA-JDA |
|---|---|
| Petitioner, | |
| v. | **ORDER** |
| Aaron S. Joyner, | |
| Respondent. | |

Petitioner Tommy McKnight ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. §2254 ("Petition") on July 6, 2018. (ECF No. 1). On October 9, 2018, Respondent Aaron S. Joyner filed a motion for summary judgment ("Motion"). (ECF No. 20). Thereafter, Petitioner filed a Motion for Stay/Abeyance on March 18, 2019 and Respondent filed a response on March 25, 2019. (ECF No. 33, 34). On April 5, 2019, Petitioner filed a Motion for Extension of Time to submit a document. (ECF No. 37). This matter is before the Court on Respondent Aaron S. Joyner's ("Respondent") Motion as to the Petition and Petitioner's Motions for Stay/Abeyance and Extension of Time. (ECF No. 20, 33, 37).

After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and recommends that Petitioner's Motions be denied. (ECF No. 42, 33, 37). Further, the Magistrate Judge recommends Respondent's Motion be

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

granted, and the Petition be denied. (ECF No. 20, 1). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 42).

Petitioner was advised of his right to file objections to the Report, which was filed by the Magistrate Judge on June 13, 2019. (ECF No. 42). Petitioner's objections to the Magistrate Judge's Report and Recommendation were due on August 1, 2019. (ECF No. 42). Petitioner filed his objections on August 5, 2019 and the Court accepted his late filing pursuant to the prisoner mailbox rule.[2]

## I. LEGAL STANDARD

### A. Review of Magistrate Judge's Report.

A district court is required to conduct a *de novo* review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, the Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

---

[2] *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (discussing the prisoner mailbox rule, whereby the date of filing is the date on which a prisoner plaintiff places a document to be filed on the docket into the prison mail system).

A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

**B. Summary Judgment.**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. The moving party has the burden of proving that summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56.

**C. Ineffective Assistance of Counsel.**

To be entitled to relief on claims of ineffective assistance of trial counsel, a defendant must generally show (1) counsel's performance fell below objective standards of reasonableness, and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). There is a "strong presumption" counsel's "conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. *Strickland* requires a defendant to overcome the presumption that the challenged

action taken by counsel might be considered sound trial strategy. *Id*. To prove prejudice, a defendant must show there is a reasonable probability, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 694.

Review of ineffective assistance of counsel claims in federal habeas proceedings is not simply a new review of the merits; rather, it is centered upon whether the state court decision was reasonable. 28 U.S.C. § 2254(d). The Supreme Court has cautioned "'[s]urmounting *Strickland*'s high bar is never an easy task[,]'" and establishing a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citation omitted). Each step in the review process requires deference to counsel and to the state court that previously reviewed counsel's actions. A petitioner must satisfy the highly deferential standards of § 2254(d) and *Strickland* "in tandem," making the standard "doubly" difficult. *Harrington*, 562 U.S. at 105. The question is not whether counsel's actions were reasonable, but whether there is any reasonable argument counsel satisfied *Strickland*'s deferential standard. *Id*.

Generally, a habeas petitioner is procedurally barred from raising defaulted ineffective-assistance-of-trial-counsel claims and "an attorney's errors in a postconviction proceeding do not qualify as cause for a default." *Martinez*, 566 U.S. at 8 (citing *Coleman*, 501 U.S. at 754–755). However, "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*, 566 U.S. at 10 (citing *Coleman*, 501 U.S., at 750). More specifically,

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 566 U.S. at 17. Thus, a petitioner may establish cause for his default (and pursue federal habeas review) if he demonstrates his PCR counsel was ineffective and that the underlying ineffective assistance of trial counsel claim is substantial. The Court in Martinez also noted:

> When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e.*, it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.

*Martinez*, 566 U.S. at 15-16.

## II. DISCUSSION

The Report address the Grounds raised in the Petition, Respondent's Motion, and Petitioner's Response to the Motion. (ECF No. 1, 20, 38). The Petition raises four allegations: 1) Petitioner was denied due process when the trial court refused to direct a verdict on the charge of murder, 2) Trial Counsel provided ineffective assistance of counsel at trial when counsel neglected to preserve on record an objection to a jury charge which instructed the jury that they could infer malice from the use of a deadly weapon, 3) Trial counsel's ineffectiveness in failing to object to the state's amending of Petitioner's indictment was a violation of Petitioner's due process rights, and 4) Petitioner was denied 5th, 6th, & 14th Amendment right to a fair trial from the beginning. Additionally, Petitioner filed a Motion for Stay/Abeyance and for Extension of Time. (ECF No. 33 & 37). The Magistrate Judge's Report recommends that the Court grant Respondent's Motion and deny Petitioner's motions. (ECF No. 20). Petitioner filed objections to the Report. (ECF No. 48).

### A. Petitioner's Motion for Stay/Abeyance

Petitioner has filed a Motion for Stay/Abeyance because he has a pending motion to alter/amend in his second PCR action. (ECF No. 33). A petitioner must exhaust his state court remedies, thus affording the state habeas court a full and fair opportunity to resolve the claims on the merits. 28 U.S.C. § 2244(d)(1). Without complete exhaustion of the claims, this court cannot properly review the state court's final decisions to ensure that they conform with the standards under which this court must review a habeas petition. The United States Supreme Court in *Rhines v. Weber* held that district courts have the discretion to employ, in limited circumstances, "stay and abeyance procedures to hold the § 2254 petition in abeyance while petitioner exhausts his claims. The Supreme Court found that "stay and abeyance" route to be appropriate if: 1) petitioner had good cause for his failure to exhaust his claims, 2) unexhausted claims are not plainly meritless, 3) there is no indication that the petitioner engaged in abusive litigation practices or intentional delay. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).

Petitioner contends that the Court should stay the federal habeas proceedings because his Petition constitutes a "mixed" petition, that is, some of petitioner's claims are exhausted and some are unexhausted. Specifically, Petitioner contends that the claims filed with his second PCR application are unexhausted because his motion to alter/amend the PCR Court's order remains pending. (ECF No. 33). However, Respondent argues that the Petitioner's claims are not unexhausted as he alleges, instead, Petitioner's second PCR application is successive and time barred. (ECF No. 34).

PCR applications must be filed within one year after the entry of judgment of conviction or after the sending of the remittitur to the lower court. S.C. Code Ann. § 17-27-45(a) (Supp. 2018). Petitioner's second PCR application was filed on March 1, 2018 which was six years after the

remittitur was sent to the lower court. (ECF No. 34). Further, on September 19, 2018, the PCR Court issued a final order, denying and dismissing with prejudice Petitioner's second PCR application. (ECF No. 42). The Magistrate Judge found the claims to be exhausted because they are procedurally defaulted. (ECF No. 42). The Report cites to a helpful case *Brown v. Warden, Lee Corr. Inst.* in which the Court found petitioner's claims were procedurally defaulted when petitioner had no further means of getting the state courts to hear his claims because he used up his direct appeal and PCR action. As procedurally defaulted claims are exhausted ones, the Court held that petitioner was not entitled to relief. *Brown v. Warden, Lee Corr. Inst.*, No. 2:18-cv-1276-DCC-MGB, 2019 WL 1781550 (D.S.C. Feb. 13, 2019). Although Petitioner filed an objection to the Report and Recommendation, Petitioner does not explain why his claims are unexhausted but rather restates that he has a "mixed petition" and that the holding in *Rhines* should allow him to present his unexhausted claims to the state court first and then return to federal court. The Court is unpersuaded by Petitioner's objections, and agrees with the Report that the claims are procedurally defaulted and as such, exhausted.

However, even if the claims were unexhausted, Petitioner would have to demonstrate good cause for his failure to exhaust the claims. Petitioner refers to "after discovered evidence" as the good cause for the failure to exhaust some issues. (ECF No. 33). As the Report states, it is not clear what after discovered evidence Petitioner is referring to, however, he does cite to testimony from his first PCR application which was held on August 5-6, 2013. (ECF No 42). However, the PCR court denied and dismissed his first PCR application with prejudice on March 16, 2016. (ECF No. 33). Although Petitioner had the opportunity to object to the Report, petitioner failed to offer any explanation as to why the claims were not procedurally defaulted or as to necessity of the after

discovered evidence. (ECF No. 48). Accordingly, the Court denies Petitioner's Motion for Stay/Abeyance (ECF No. 33).

### B. Petitioner's Motion for Extension of Time

Petitioner has requested "more time to submit a document that [he] h[as a] copy of but not with [him]." (ECF No. 37). Petitioner asserts that the document will show "Respondent making [a] false statement again in opposing [the] motion to stay…" (ECF No. 37). As the Report sets out, Petitioner has failed to explain what this document is or how this document will prove that Respondent has made a false statement. (ECF No. 42). Further, Petitioner did not address the Magistrate Judge's findings or recommendation on this Motion in his Objections to the Report. (ECF No. 48). In the absence of specific objections to portions of the Report, the Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Therefore, the Court accepts the recommendation of the Magistrate Judge and denies Petitioner's Motion for an Extension of Time. (ECF No. 48).

### C. Ground One

In Ground One, Petitioner argues that he was denied due process when the trial court "refused to direct a verdict on the charge of murder where it was undisputed Petitioner stabbed the decedent after the decedent attacked and hit him with a beer bottle." (ECF No. 1). This issue was raised at trial and exhausted on direct appeal. (ECF No. 42). Federal review of the sufficiency of the evidence to support a Petitioner's state court conviction is not meant "to consider anew the jury's determination of guilt or to replace the State's system of direct appellate review." *Wilson v. Greene*, 155 F.3d 396, 405 (4th Cir. 1998). Instead, a defendant is entitled to review only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). In *Coleman v. Johnson*, the Supreme Court made clear that

"on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Coleman v. Jackson*, 566 U.S. 650, 651 (2012). The Magistrate Judge could not conclude that a rational fact finder could not find Petitioner guilty of murder or that the state court decision was objectively unreasonable. (ECF No. 42). Therefore, the Magistrate Judge recommends granting summary judgment on this ground. (ECF No. 42).

Although unclear, Petitioner may have objected to Ground One in his Objections when he stated "When objections are made to the magistrate judge's factual findings based on conflicting testimony or evidence the district court must at a minimum listen to a tape recording or read a transcript of the evidentiary hearing. Lucero v. Ortiz 163 F. Supp 3rd." (ECF No. 48). Here, there was conflicting testimony on the events that occurred on the night in question. However, as Respondent submits "each account supported submission of the murder charge to the jury." (ECF No. 20). Further, Petitioner does not explain that his assertion of case law is an objection or how the Magistrate Judge's finding is incorrect. (ECF No. 42). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). Without specific objections to the Report, this Court may adopt the Report without explanation. Therefore, the Court adopts the recommendation of the Magistrate Judge to grant Respondent's Motion as to Ground One.

**D. Ground Two**

In Ground Two, Petitioner argues that his trial counsel was ineffective for failing "to preserve on the record an objection to a jury charge which instructed the jury that they could infer malice

from the use of a deadly weapon despite the fact that the evidence in this case raised a claim of self-defense." (ECF No. 1). This issue was argued on appeal from the denial of Post-Conviction Relief. (ECF No. 20). Respondent argues that the "state courts rejection of this claim was not 'contrary to' and did not involve an 'unreasonable application of' clearly established United States Supreme Court precedent under § 2254(d)(1). (ECF No. 20). The Magistrate Judge agreed with Respondent's arguments as it found that the court applied *Strickland* and the PCR Court's decision was not contrary to or an unreasonable application of *Strickland*. (ECF No. 42).

The only cognizable objection to Ground Two in Petitioner's Objection states, "the facts of this case when agent ask for a charge on self-defense was mentioned in words but standard charge after that was never given. Agent even admission that the court decline self-defense." (ECF No. 48). Petitioner asserts that "too denie a constitutional charge is deniel of due process." (ECF No. 48). Although Petitioner's counsel did not object to the jury charge, trial counsel had no legal basis to object to the charge at that time. The South Carolina Supreme Court's decision in *Belcher* was not issued until months after Petitioner's trial, and as such the jury charge given by the trial court was proper under then existing state law.[3] *State v. Belcher*, 385 S.C. 597, 610, 685 S.E.2d 802, 809 (2009). (ECF No. 42, 20). Therefore, the Court adopts the recommendation of the Magistrate Judge to grant Respondent's Motion as to Ground Two.

---

[3] The South Carolina Supreme Court's decision in Belcher could not be retroactively applied to Petitioner's case. In *Belcher*, the Court concluded that "[b]ecause our decision represents a clear break from our modern precedent, today's ruling is effective in this case and for all cases which are pending on direct review or not yet final where the issue is preserved… Our ruling, however, will not apply to convictions challenged on post-conviction relief." *Belcher*, 385 S.C. at 612-13, 685 S.E.2d at 810-11.

**E. Ground Three**

In Ground Three, Petitioner contends that counsel was ineffective for not objecting to the State's amending Petitioner's indictment. (ECF No. 1). The Magistrate Judge found that Petitioner failed to establish that trial counsel was ineffective under *Strickland* for failing to object to the indictment. (ECF No. 42). The indictment was amended to reflect that the crime occurred in Kershaw County rather than Richland County. (ECF No. 20). Although Petitioner's counsel did not object to the indictment, Petitioner challenged the indictment at trial. (ECF No. 42). After the trial Judge explained that "the secretary made a mistake" and "it is not invalid", Petitioner stated, "I'm not debating the validity of the indictment, Your honor." (App. 283).

Even if Petitioner could establish that counsel's performance was deficient for failing to object, he would also have to establish prejudice. Petitioner would have to establish that the result of the proceeding would have been different had trial counsel objected to the amendment of the indictment. (ECF No. 42). However, the Report found that Petitioner could not establish prejudice. Respondent argues that no prejudice could result from a scrivener's error and that South Carolina law is clear "the primary purposes of an indictment are to put defendant on notice of what he is called upon to answer." *Evans v. State*, 363 S.C. 495, 508, 611 S.E.2d 510, 571 (2005).

Although the Report analyzes this claim under *Strickland*, it found this claim to be procedurally barred because this issue was not raised on direct appeal or in Petitioner's first PCR application. (ECF No. 42). Therefore, the Magistrate Judge recommends granting summary judgment on this claim. (ECF No. 42).

Here, Petitioner objects to the Report "to show a practice or pattern continuous, when arrest warrant has been amended, indictment amended." (ECF No. 48). Further, "petitioner has submitted to court documents to show from the beginning petitioner made efforts, to get discovery to prove

denial of due process." (ECF No. 48). The Court is unpersuaded by Petitioner's contentions that there has been a denial of due process or prejudice from the trial court's amendment of the indictment. Further, Petitioner has failed to establish cause sufficient to overcome the procedural bar. (ECF No. 48). Therefore, the Court adopts the recommendation of the Magistrate Judge to grant Respondent's Motion as to Ground Three.

### F. Ground Four

In Ground Four, Petitioner asserts that he was denied due process because a bench warrant was issued while he was custody, the warrant was unsigned, and counsel was ineffective for failing to challenge the arrest warrant. (ECF No. 1). Applying *Strickland*, Respondent argues that Petitioner is not entitled to relief under this claim because there can be no prejudice as a result of counsel's failure to object to the warrant. (ECF No. 20). The Magistrate Judge agreed because an "improper arrest warrant is no bar to a prosecution on a subsequent indictment." (ECF No. 42). *State v. McCoy*, 177 S.E.2d 601, 602 (S.C. 1970). Although the Report analyzes this claim under *Strickland*, it found this claim to be procedurally barred because this issue was not raised on direct appeal or in Petitioner's first PCR application. (ECF No. 42). Therefore, the Magistrate Judge recommends granting summary judgment on this claim. (ECF No. 42).

Additionally, in Ground Four Petitioner asserts he was denied a fair trial because a bench warrant was issued while he was in custody and it was unsigned. The Magistrate Judge found that these allegations were also procedurally barred from consideration by a federal habeas court. (ECF No. 42). Because these allegations do not assert an underlying ineffective assistance of trial counsel claim, the Report does not analyze these issues and recommends granting summary judgment. (ECF No. 42).

Although Petitioner filed Objections to the Report, it does not include mention of Ground Four. Without specific Objections to the Report, this Court may adopt the Report without explanation. Therefore, the Court adopts the recommendation of the Magistrate Judge to grant Respondent's Motion as to Ground Four.

## G. Petitioner's Additional Objections

In the Objections to the Magistrate Judge's Report, Petitioner includes various allegations which appear to have no connection to the Grounds addressed in the Petition. Petitioner submits he was "subjected to unfairness in a non-capital trial" and "cause and prejudice took place when witness testified to facts that whole story or all the facts of this witness and victim has a child together." (ECF No. 48). Further, "witness made false statements" and "petitioner never said anything to this child." (ECF No. 48). Finally, defense counsel ineffective for failing to object to prosecutor testifying. (ECF No. 48). These confusing allegations and ineffective assistance of counsel claim were not raised in the Petition or addressed in the Report. When a party objecting to a report and recommendation provides new or additional evidence, the district court's decision "whether to consider such evidence rests within the sound discretion of the district court." *Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002). Additionally, "attempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for doing son." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010).

Here, Petitioner is attempting to raise new issues and present new evidence, and Petitioner has not offered any reasons for doing so. This Court will decline to review Petitioner's additional issues that have no connection to his original Petition.

### III. CONCLUSION

After carefully reviewing the applicable law, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 42). Therefore, Respondent's Motion (ECF No. 20) is granted and the Petitioner's Petition (ECF No. 1) is dismissed with prejudice. Petitioner's Motions are denied. (ECF No. 33, 37).

IT IS SO ORDERED.

September 13, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge